**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENDO FELIPE LOPEZ-DIAZ, AKA Valendo Lopez,<br><br>                   Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                   Respondent. | No.   15-70712<br><br>Agency No. A087-902-174<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Valendo Felipe Lopez-Diaz[1], a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]      In petitioner's testimony before the immigration judge and in his Opening Brief, he asserts that his true name is Galindo Felipe Lopez Quiej.

from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject Lopez-Diaz's argument that the IJ lacked jurisdiction or otherwise erred by denying his asylum application on the merits without first determining whether the application was time barred. *See* 8 C.F.R. §§ 1003.14(a), 1240.1(a)(ii); *see also Simeonov*, 371 F.3d at 538 (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's conclusion that Lopez-Diaz failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Lopez-Diaz's asylum and withholding of removal claims fail.

2                                                                    15-70712

Substantial evidence supports the agency's denial of CAT protection because Lopez-Diaz failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**